PATTERSON, Justice:
This is an appeal from an order of the Circuit Court of the First Judicial District of Hinds County affirming the Workmen’s Compensation Commission’s award of benefits to claimant for permanent total disability, with 50% apportionment, due to reactivation of a pre-existing case of tuberculosis. We affirm.
Claimant is 27 years of age, a manual laborer, and unable to read and write. He was employed by Jackson Ready-Mix Concrete in early 1958 and worked for about a year before it was determined that he had tuberculosis. After confinement in the State Sanatorium for Tuberculosis for approximately ten months, he was released and three months later, after convalescing, returned to work for Jackson Ready-Mix on September 9, 1959, when medical evidence showed the tuberculosis had become inactive.
Claimant’s first job after returning to work was that of an end loader operator at his employer’s lightweight aggregate manufacturing plant. Claimant’s job was to move clay from a pile and place it into a pug mill. Next he worked as a tractor operator, then in the kiln room. His duties required him to clean a catwalk with a shovel, oil gear boxes and remove clay which fell from the kiln. His next job was that of a burner and his duties were to keep temperatures and every hour weigh a bucket of material; to clean out the pit with a scoop and throw the rubbish over a two or three-foot-high wall about six feet away, and each night to shovel and clean from under the hot belt and to clean a concrete slab.
Claimant continued without interruption at his job for more than three years and while at work on February 21, 1963, at about 3:00 a. m., experienced a hurting in his chest and spit up blood. He was hospitalized and x-rays revealed that claimant had suffered a pulmonary hemorrhage of the left lung, the result of pulmonary tuberculosis, active.
After claimant left the hospital, he was employed at various jobs driving a truck and doing road work.
Claimant’s physician, Dr. Lee R. Reid, testified at a hearing before the attorney-referee that he had told claimant since the time of the hemorrhage in February 1963 that it was dangerous for him to do any strenuous work, and that claimant began working aft- *578 ter the hemorrhage against his explicit recommendations and advice.
it was Dr. Reid’s opinion that the physical effort required by claimant’s work at Jackson Ready-Mix probably played a part in reactivating the pre-existing disease.
The attorney-referee found that the reactivation of the pre-existing tuberculosis, culminating in the hemorrhaging, was an incident growing out of and in the course of his employment with Jackson Ready-Mix; that the pre-existing condition and claimant’s work activities combined to cause claimant to become permanently and totally disabled since the hemorrhage and to prevent him from returning to the same or similar employment on the open market; that claimant’s disability is the end result of and is causally related to the combining factors of his work activites which contributed 50% to said condition and his pre-existing condition which contributed the remaining 50%; that claimant did, of necessity and because of his financial condition, obtain a truck-driving job in June 1964 and continued to perform such duties, although they were expressly against medical advice.
Appellants were ordered to pay claimant compensation benefits of $17.50 per week for the period commencing February 22, 1963, not to exceed 450 weeks or a maximum of $6,250; to pay expenses incurred for medical services and supplies and for future medical treatment under Section 7 of the act; and to pay a penalty as provided by Section 13(e) on all compensation due and unpaid.
The Workmen’s Compensation Commission affirmed the attorney-referee’s order of award. The ruling was appealed, first to the circuit court, which also affirmed, and is now before this Court. Appellants assign as error the following:
(1)Allowing compensation because no causal connection was proven;
(2) Concluding claimant sustained an injury arising out of and in the course of employment;
(3) Finding total and permanent disability;
(4) Allowing compensation and directing payment;
(5) Failing to allow more than 50% apportionment to pre-existing disease.
Appellants argue that the evidence does not prove causal connection between claimant’s employment and the reactivation of tuberculosis except by possibility, and that the only thing causally connected to the employment was a hemorrhage.
Claimant argues that tubercular reactivation occurred over a reasonably definite period of time as established by dates of x-rays and that the employment activities were contributing factors sufficient to show a causal connection between claimant’s employment and injury.
On September 9, 1959, the date of claimant’s return to employment with Jackson Ready-Mix, x-rays taken indicated to Dr. Reid that claimant’s case had reached a stage generally considered as inactive; an x-ray made March 23, 1962, revealed “an unfavorable change in the upper part of the left lung,” according to Dr. Reid; an x-ray dated September 25, 1962, indicated to Dr. Reid “a continuing slight unfavorable change, indicating the progression of the disease,” and an x-ray taken February 22, 1963, indicated claimant had suffered a hemorrhage.
Dr. Reid testified “ * * * there is a possibility that (the work) could have been —or we’ll say a probability — that it could have been in some way responsible for his hemorrhage. That there is a possibility of its reactivating his tuberculosis is very difficult to say. I would assume that if he had reached a state of complete inactivity that there was a very definite probability that the amount of effort and physical exercise *579 required to do the work * * * described would have probably contributed to the reactivation of the disease.”
An injury may accrue gradually over a reasonably definite and not remote time. It does not have to develop instantaneously. Insurance Dept. of Miss. v. Dinsmore, 233 Miss. 569, 102 So.2d 691, 104 So.2d 296 (1958).
Medical explanation of the significance of claimant’s x-rays provides sufficient medical evidence that the accrual of claimant’s tubercular reactivation was confined to a reasonably definite period of time. In the case of Hardin’s Bakeries v. Ranager, 217 Miss. 463, 64 So.2d 705, 65 So.2d 461 (1953), this Court held that a reasonably definite time is all that is required. “A certain fixed and definite event first is required from which time can be calculated.” The necessary first fixed date, according to claimant, is September 9, 1959, when the disease was shown by x-ray to be inactive.
Dr. Reid, a specialist in diseases of the chest, was the only medical witness. No other physician testified. Considering the nature of this enigmatic disease which attacks slowly and without immediate notice, and the circumstances of this case, we are of the opinion that there was sufficient evidence for the attorney-referee to find a reactivation of the disease and hemorrhage in the course of claimant’s employment in the apportionment that he did. The Workmen’s Compensation Commission has the responsibility to base its findings on reasonable probabilities. From the record before us we cannot say that these probabilities did not exist. We therefore affirm the order of the attorney-referee, the commission and the circuit court.
Affirmed.
ETHRIDGE, C. J., ' and INZER, SMITH, and ROBERTSON, JJ., concur. -