554 So.2d 917 (1989)
MILLER TRANSPORTERS, INC. and Indemnity Insurance Company of North America
v.
James C. GUTHRIE.
No. 07-CC-58573.
Supreme Court of Mississippi.
December 6, 1989.
Joseph T. Wilkins, III, McCoy Wilkins Noblin & Stephens, Jackson, for appellant.
J. Tyson Graham, Graham & Segrest, Columbus, for appellee.
EN BANC.
PITTMAN, Justice, for the Court:
Miller Transporters, Inc. and Indemnity Insurance Company of North America appealed a decision rendered by the Workers' Compensation Commission to the Circuit Court of Lowndes County. The Circuit Court affirmed the Order of the Commission and Miller Transporters, Inc. and Indemnity Insurance Company of North America appeal to this Court, basing their argument on two assignments of error. Finding these assignments meritless, we affirm.

I.
In June of 1982, Mr. Guthrie injured his back while cutting the grass at his home. Mr. Guthrie was employed with Miller Transporters, Inc. as a truck driver, but does not claim that this injury was work-related. Mr. Guthrie was treated by Dr. Stanback for a ruptured disc, and was told to stay off work for two months. Upon Mr. Guthrie's return to work, his back continued to bother him and his condition worsened to the point that in March of 1983, Dr. Stanback referred Mr. Guthrie to Dr. Patrick, who performed disc surgery. *918 Mr. Guthrie was off work for a period of six months, and was then allowed by Dr. Patrick to return to work. Dr. Lott, at the request of Miller Transporters, Inc., performed a Department of Transportation physical on Mr. Guthrie, and released him for work.
Mr. Guthrie returned to Dr. Patrick in April, 1984, complaining of continuing back pain. Dr. Patrick instructed Mr. Guthrie to take off work for six more months. Mr. Guthrie then returned to work in either October or November, 1984, and attempted light duty for several months, but eventually had to quit because of his inability to perform even the light duty assigned. Mr. Guthrie's last work day was April 11, 1985, and in his Petition to Controvert, he listed on or before this date, as the date of his injury.
After a hearing before an Administrative Judge, an Order was entered denying Mr. Guthrie benefits and finding that the injury to his back occurred outside the scope of his employment in June, 1982. This injury subsequently required surgery, from which Mr. Guthrie never recovered and his chronic back condition was not a result of his employment.
The Full Commission, upon review, reversed the Administrative Judge, finding that Mr. Guthrie had sustained a work connected and thus compensable injury on April 11, 1985, and awarding continuing benefits for temporary total disability. The Commission also directed that Mr. Guthrie be evaluated by Dr. James L. Hughes, orthopedic surgeon at the University Medical Center. Miller Transporters, Inc. and Indemnity Insurance Company of North America (hereafter, Miller), appealed this decision to the Lowndes County Circuit Court, which upheld the findings of the Commission.

II.
Decisions of the Mississippi Workers' Compensation Commission on issues of fact will not be overturned if they are supported by substantial evidence. Myles v. Rockwell International, 445 So.2d 528, 536 (Miss. 1983). The Commission is the trier of facts as well as the judge of the credibility of the witnesses. Roberts v. Junior Food Mart, 308 So.2d 232, 234-35 (Miss. 1975). Doubtful cases should be resolved in favor of compensation, so as to fulfill the beneficial purposes of the statute. Reichhold Chemical, Inc. v. Sprankle, 503 So.2d 799, 802 (Miss. 1987); Barham v. Klumb Forest Products Center, Inc., 453 So.2d 1300, 1304 (Miss. 1984).

III.
Miller contends that the overwhelming weight of the evidence shows that Mr. Guthrie's back problems and disability were not caused by his employment as a truck driver, but were solely caused by his non-work related injury of June, 1982. Miller further contends that Mr. Guthrie never fully recovered from the surgery of March, 1983, and that in workers' compensation cases there must be medical evidence of a causal connection between the claimant's disability and a work-related injury, to support an award of benefits. Cole v. Superior Coach Corp., 234 Miss. 287, 106 So.2d 71, 72 (1958); See Davis v. Scotch Plywood Co. of Miss., 505 So.2d 1192 (Miss. 1987); Sonford Products Corp. v. Freels, 495 So.2d 468, 471-72 (Miss. 1986); and Delta Drilling Co. v. Cannette, 489 So.2d 1378, 1380 (Miss. 1986). However, this Court has held that it is not necessary that an accidental injury result suddenly, nor that it result from the application of external force. Christopher v. City Grill, 67 So.2d 694 (Miss. 1953), [quoting Hardin's Bakeries, Inc., v. Ranager, 64 So.2d 705 (Miss. 1953)]; See Jenkins v. Ogletree Farm Supply, 291 So.2d 560 (Miss. 1974); Jackson Ready-Mix Concrete v. Meadows, 198 So.2d 576 (Miss. 1967).
Miller argues that Mr. Guthrie's present back problems are not the result of a new injury, but merely a recurrence of the condition following the original injury. The original injury was not a work-related injury, therefore, the recurrence of such injury should not be compensable. Potts v. Lowery, 242 Miss. 300, 134 So.2d 474 (1961). See Strickland v. M.H. McMath Gin, Inc., 457 So.2d 925 (Miss. 1984). This Court *919 ruled in Ingalls Shipbuilding Corp. v. Byrd, 215 Miss. 234, 60 So.2d 645 (1952), that the existence of a pre-existing disease or infirmity of the employee does not disqualify a claim under the "arising out of employment" requirement of the statute, if the employment aggravated, accelerated or combined with the disease or infirmity to produce the disability for which compensation is sought. Furthermore, this Court held in Tate v. Dr. Pepper Bottling Company, 220 Miss. 311, 70 So.2d 602 (1954), that a pre-existing infirmity, even though it appeared to be congenital, was brought to light, aggravated and accelerated by the claimant's employment which made his injury compensable. See also Marshall Durbin, Inc. v. Hall, 490 So.2d 877, 880 (Miss. 1986); Bolton v. Catalytic Construction Co., 309 So.2d 167, 172 (Miss. 1975).
Mr. Guthrie does not argue that the 1982 injury was a compensable injury; only that once he had attained the point of maximum recovery for that injury and was allowed to return to work by both his doctor and Miller Transporters' doctor (who conducted a required Department of Transportation physical) that he then discovered driving the truck in the scope of his employment aggravated the prior injury thereby increasing his disability. The Commission found that on July 5, 1983, four days after Dr. Patrick found the claimant had reached maximum medical recovery from the results following surgery, Dr. Lott, the doctor for the company, conducted a physical examination required by the Department of Transportation and released the claimant to return to work. Thereafter, Mr. Guthrie's doctor (Patrick) found that "he had a chronically sore joint in the back that was apparently being aggravated by the nature of his work as a long-distance truck driver." He further testified that again on October 15, 1984, (after rehospitalization for evaluation and treatment) he released the claimant to work with the use of a back support and that he last examined the claimant on September 10, 1985, for recurring back pain exacerbated by truck driving. Further, at that time he estimated that Guthrie's impairment had increased from 5-10% following surgery to 25-30% following claimant's repeated attempts to return to work. As before mentioned, Patrick on October 15, 1984, released the claimant to work with the use of back support and in that same month Dr. Lott conducted a second physical examination for the Department of Transportation and again released the claimant to return to work as a truck driver. The Court, therefore, holds that the Full Commission's findings of fact that in 1985 Mr. Guthrie sustained a compensable injury are supported by substantial evidence in the record and that the repeated trauma of Guthrie's work aggravated his preexisting non-workrelated condition.

IV.
Miller next argues that the Commission's Order for an evaluation by Dr. Hughes was based solely on the suggestion by Dr. Patrick that Mr. Guthrie be seen by an orthopedist and because the Commission desired a complete physical examination. § 71-3-15, Miss. Code Ann. (1972) states in relevant part:
(2) Whenever in the opinion of the commission a physician has not correctly estimated the degree of permanent disability of an injured employee, the commission shall have the power to cause such employee to be examined by a physician selected by the commission, and to obtain from such physician a report containing his estimate of such disabilities. The commission shall have the power in its discretion to charge the cost of such examination to the employer, if he is a self-insurer, or to the insurance company which is carrying the risk.
At no time was Mr. Guthrie given a physical examination to determine the degree of his disability. Dr. Patrick did not make that determination because the original injury was not a compensable injury, and he had not been asked to do so. Dr. Patrick's testimony at the hearing as to a percentage of disability, was based on his prior treatment of Mr. Guthrie and not upon a physical examination. The Order of the Commission states that the examining doctor, Dr. Hughes, is to "provide to the Commission a written narrative report regarding *920 the nature and extent of claimant's disability and his need for future medical treatment, if any." The Commission is awaiting this medical report before entering a final Order in this cause. Upon remand and after the medical report is received, the Full Commission may want to consider the applicability, if any, of apportionment under Miss. Code Ann. § 71-3-7 (1972) and this Court's recent rendering in Stuart's, Inc. v. Brown, 543 So.2d 649 (Miss. 1989).
This Court finds no merit to these assignments of error; therefore, the judgment of the lower court remanding to the Mississippi Workers' Compensation Commission is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
BLASS, J., dissents with separate written opinion.
BLASS, Justice, dissenting:
This case presents a difficult problem. The injured employee, James C. Guthrie, sustained the injury which has disabled him. It happened while he was cutting grass at his home on a weekend. As the majority opinion points out, he did not ever claim that the injury was work-related. He tried to go back to work sometime after his injury and his injury disturbed him and soon came to the point where he required surgery. He was off for an extended period and then returned, but the pain continued. He was off again and then returned to light duty but finally had to quit. The simple truth is that he never recovered from his injury and his present problem is not related to his employment.
No one has behaved badly in this situation. No one has mistreated any one, but the truth, as it appears to me, is that we cannot properly force this situation into such a form that the Workers' Compensation Act will cover it. The majority opinion holds that his injury is compensable although it suggests that the full commission "may want to consider the applicability, if any, of apportionment... ." As I see it, we have no decision, to this point, which mandates the course we now take. On the contrary, it appears to me that the language of the statute directs us to a contrary position. § 71-3-3(b), Miss. Code Ann. In addition to the language of the statute, I am concerned that employers will become less compassionate and supportive with regard to employees suffering from injuries which are not work related. If the worker is injured off the job and returns to light duty, hoping to recover, we are saying in this decision that the employers are probably going to be responsible if the employee does not fully recover. Superintendents on the job may be criticized by their superiors if substantial compensation claims grow out of their having allowed such employee to return to work. The result may well be that many will suffer loss of employment because of our excessively lenient interpretation of the statute in this case. While Mr. Guthrie's situation is unfortunate and regrettable, it seems to me that the plain and simple fact is that the injury did not grow out of his employment and that his experience in attempting to return to work simply proved that he could not do it. The injury which required him to stop work was not separate from the injury he sustained at home. He simply did not ever recover from it. There was, in my opinion, no substantial evidence before the Commission to support its conclusions.
Rather than stretch the law, as it seems to me we are doing, I would reverse and render.