637 So.2d 867 (1994)
Ralph BARNES,
v.
JONES LUMBER COMPANY and Georgia Casualty and Surety Company.
No. 92-CC-00246.
Supreme Court of Mississippi.
June 2, 1994.
Larry O. Norris, Hattiesburg, for appellant.
A. Camille Henick, Butler Snow O'Mara Stevens & Cannada, Jackson, for appellee.
Before DAN M. LEE, P.J., McRAE and SMITH, JJ.
McRAE, Justice, for the Court:
This appeal arises from a February 21, 1992, order of the Walthall County Circuit Court affirming the findings of the Mississippi Workers' Compensation Commission that Ralph Barnes sustained a fifty percent loss of wage-earning capacity. Barnes contends that the Commission improperly penalized him because he had a high school education, and that he should have been found totally disabled. We affirm the Commission's awards of temporary total disability, medical expenses and penalties. However, because the record does not support the Commission's opinion that Barnes' education level should have enabled him to find a job, we reverse its finding of permanent partial disability and remand for further proceedings consistent with this opinion.

*868 FACTS
On March 3, 1987, Ralph Barnes sustained a compensable lower back injury while stooping to pick up some boards at the Jones Lumber Company sawmill. He underwent a lumbar laminectomy at Methodist Hospital in Hattiesburg on July 21, 1987. Over the next year, he continued to see his surgeon, Dr. David W. Bomboy, for follow-up care. By April 1, 1988, Dr. Bomboy determined that Barnes had reached maximum medical improvement and had suffered a five percent (5%) permanent whole body impairment. He opined that Barnes "would be permanently restricted from doing heavy manual labor or activities that would require frequent bending, stooping or heavy lifting." In July 1988, however, Dr. Bomboy reassigned Barnes a ten percent (10%) permanent impairment based on the persistence of his back pain.
Barnes filed a Petition to Controvert with the Workers' Compensation Commission on October 13, 1987, asserting that his employer's carrier had failed to pay temporary total disability benefits. A hearing was held on January 25, 1989. Barnes testified that in July, 1988, he had applied unsuccessfully for jobs at two grocery stores and registered with the Mississippi Unemployment Office. He further stated that in October 1988, he submitted an application to another grocery store, but made no inquiries at convenience stores, gas stations or restaurants. His employer, Jane Jones, testified that she was unaware that Barnes was seeking employment and would have rehired him. On cross-examination, however, she acknowledged that Jones Lumber Company had not notified Barnes that a job was available for him.
The Administrative Law Judge found that Barnes had made "reasonable, but unsuccessful, attempts to resume employment for which he is suited." She found that he had suffered a loss of wage-earning capacity of $205.70 (his stipulated average weekly wage), entitling him to partial disability benefits in the amount of $137.13 per week. Jones Lumber and its workers' compensation carrier, Georgia Casualty & Surety Co., were ordered to pay temporary total disability benefits of $137.13 per week for the weeks beginning March 3, 1987, and ending April 1, 1988, and permanent partial disability benefits in the amount of $137.13 per week, beginning April 2, 1988 and not to exceed 450 weeks.
Jones Lumber and Georgia Casualty filed a petition for review on August 11, 1989. On May 17, 1990, the full Commission issued an order finding that Barnes had not made a "reasonable effort" to find other employment and provided him with an additional thirty days to do so.
Barnes returned to work at Jones Lumber on May 21, 1990. His affidavit, as well as those of co-workers, Melvin and James Bickham and foreman, Phillip Branch, set out varying accounts of his first and only day back on the job. Following his unsuccessful attempt to return to work, Barnes returned to Dr. Bomboy for treatment. He was admitted to Methodist Hospital on June 4, 1990, and placed in traction for four days.
Barnes attempted to find other work, making inquiries at a number of local grocery and convenience stores. However, affidavits submitted by Barnes and his former employer raised questions of fact regarding Barnes' job-hunting efforts.[1] Based on his aptitude and the restrictions placed on his activities, David Greene, a professional vocational counselor, found that a variety of jobs should be available to Barnes either in Walthall County or in nearby towns.
The Commission entered an order on September 9, 1991, finding that Barnes had suffered a fifty percent (50%) industrial disability and was entitled to receive temporary total disability benefits of $137.50 per week from March 3, 1987 until April 1, 1988; permanent partial disability benefits of $68.57 per week, beginning April 2, 1988, but not to exceed 450 weeks; medical services and supplies; and a ten percent (10%) penalty on all underpaid compensation. It found as follows:
The Commission finds that Ralph Barnes has overcome the employer and *869 carrier's efforts to rebut his case for permanent disability.
* * * * * *
Barnes has been unsuccessful in finding other work in his community. The Commission finds that Ralph Barnes, a now forty-three-year old man living in rural Walthall County who has a high school education, a work history of manual labor, and a back condition, has met the burden of proof that as a result of the injury sustained at work he is unable to earn the wages which he was receiving at the time of his injury. The Commission finds, however, that he has not proven a total loss of wage-earning capacity in the amount of $205.70, the wage he was earning at the time of his injury. With a high school education he should be able to secure some type of gainful employment. The Commission finds that he has suffered an industrial disability in the amount of fifty percent (50%) as a result of the injury to his back on March 3, 1987. (emphasis added)
Barnes appealed the Commission's decision to the Walthall County Circuit Court on September 17, 1991, asserting that the Commission erred in finding an industrial disability of only fifty percent (50%), that he had not proven a total loss of wage-earning capacity, and further, that he should be able to find some form of gainful employment since he had a high school degree. The circuit court affirmed the Commission's findings and decision in a February 24, 1992, order.

I.
Upon review, this Court is bound by the findings and order of the Workers' Compensation Commission where they are supported by substantial evidence. Mitchell Buick, Pontiac and Equipment Co. v. Cash, 592 So.2d 978, 980 (Miss. 1991); Hardin's Bakeries v. Dependent of Harrell, 566 So.2d 1261, 1264 (Miss. 1990); Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss. 1988). "This is so, even though the evidence would convince this Court otherwise, were we the fact finder." Fought, 523 So.2d at 317. This Court will overturn decisions of the Commission only where there is an error of law or a finding unsupported by the evidence. Walker Manufacturing Co. v. Cantrell, 577 So.2d 1243, 1246-1247 (Miss. 1991).

II.
Despite his physician's assignment of a ten percent (10%) physical impairment, Barnes contends that he is totally disabled and entitled to receive permanent total disability benefits. He asserts that the Commission reduced the workers' compensation benefits to which he is believes he is entitled by fifty percent (50%) merely because he has a high school education. The record indicates that he had difficulty performing "make work" tasks at his employer's lumber yard after he returned to work and that his efforts to find other employment were unsuccessful.
Recognizing that "`[i]ndustrial' disability is the functional or medical disability as it affects the claimant's ability to perform the duties of employment," we have made a distinction between medical and industrial disability. Robinson v. Packard Electric Division, General Motors Corp., 523 So.2d 329, 331 (Miss. 1988). See also McGowan v. Orleans Furniture, Inc., 586 So.2d 163, 166 (Miss. 1991). Our decisions have quoted with approval the following definition of total disability, particularly applicable in those situations where the degree of claimed industrial disability exceeds the actual medical or functional disability:
In this connection, a partial loss of functional use may result in total disability, and to reach this result it is not necessary that the employee be wholly incapacitated to perform any duty incident to his usual employment or business; but if he is prevented by his injury from doing the substantial acts required of him in his usual occupation, or if his resulting condition is such that common care and prudence require that he cease work, he is totally disabled within the statute.
Dunn, Mississippi Workmen's Compensation, § 86 at 102-103 (3d ed. 1982) (quoted in McGowan, 586 So.2d at 166; Piggly Wiggly v. Houston, 464 So.2d 510, 512 (Miss. 1985)).
To establish disability, the injured worker bears the burden of showing that he has sought and been unable to obtain work *870 "in similar or other jobs." Georgia Pacific v. Taplin, 586 So.2d 823, 828 (Miss. 1991). Once he has made a prima facie case, the burden shifts to the employer to show that his efforts were not reasonable or constituted a mere sham. Id.; Pontotoc Wire Products Co. v. Ferguson, 384 So.2d 601, 603 (Miss. 1980). A determination of the "reasonableness" of the claimant's efforts includes "consideration of job availability and economics in the community, the claimant's skills and background, as well as the subject disability itself." Taplin, 586 So.2d at 828; Piper Industries, Inc. v. Herod, 560 So.2d 732, 735 (Miss. 1990). Dunn further explains:
In resolving the issue in relation to seeking and finding other employment, several factors may be relevant. These include the economic and industrial aspects of the local community; the jobs available in the community and surrounding area; the claimant's general educational background, including work skills, and the particular nature of the disability for which compensation is sought.
Dunn, Mississippi Workmen's Compensation, § 72.1 (3d ed. 1982) (emphasis added). Clearly, the claimant's education is one factor the Commission may consider. However, in the case sub judice, there is not substantial evidence to support the Commission's finding that merely because he had a high school education, Barnes should have been able to find a job. Although the Commission initially found that Barnes had not made a "reasonable" effort to seek employment, it ultimately held that he had rebutted his employer's attempt to rebut his case for permanent disability.
To support his claim of total disability, Barnes primarily relies upon Jordan v. Hercules, Inc., 600 So.2d 179 (Miss. 1992). In Jordan, we held that an employer's refusal to rehire or reinstate an injured employee who has reached maximum medical recovery provides the prima facie showing necessary to meet the employee's burden of proof that he is totally disabled. 600 So.2d at 183. The burden then shifts to the employer who must show that the employee has suffered only a partial disability or in the alternative, no loss of wage-earning capacity. Id. See also, McNeese v. Cooper Tire and Rubber Co., 627 So.2d 321, 325 (Miss. 1993) (reversing Commission's denial of permanent disability benefits where employee returned to work, continued to work despite severe pain, and was terminated when, based on work restrictions, "he could no longer do the job."). At the Commission's request, Barnes returned to his old job at Jones Lumber. While it is disputed that he had been assigned to do the specific tasks he undertook on his first and only day back, there is evidence that the work he did aggravated his injury. There further was evidence that no truly light work suitable to Barnes' physical limitations was available at the lumberyard. Since Barnes' opportunities there were limited to "make work" tasks, the burden was on the employer to show that he had not suffered a total loss of wage-earning capacity. The employer failed to meet that burden.
We further find that the Commission, in making its decision, erred in its selective admission and denial of affidavits submitted by the parties. Instead, it should have allowed the development of testimony in those areas where facts were in dispute, including the availability of jobs in the area, the extent of Barnes' job-hunting efforts, and the nature of the work he was asked to perform when he returned to work at the lumberyard.

III.
The evidence in the record does not support the Commission's finding that Barnes should have been able to find a job because he has a high school education. To the contrary, Barnes proved prima facie that he had suffered a total loss of wage-earning capacity. The burden then shifted on his employer to show that Barnes had suffered only a partial disability or loss of wage-earning capacity. Because Jones Lumber failed to meet that burden, Barnes was entitled to receive permanent total disability benefits. Moreover, affidavits submitted by both parties, which the Commission refused to admit, raised questions of fact which should have been better developed. Therefore, while we affirm the Commission's award of temporary total disability benefits, medical expenses and penalties, we reverse its findings *871 on the issue of permanent disability and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
PRATHER, P.J., concurs in results only.
NOTES
[1] The Commission struck these and other affidavits submitted by Barnes and his employer.