773 So.2d 976 (2000)
Laura POSEY, Appellant,
v.
UNITED METHODIST SENIOR SERVICES and Liberty Mutual Insurance Company, Appellees.
No. 2000-WC-00657-COA.
Court of Appeals of Mississippi.
December 5, 2000.
*977 Gary L. Carnathan, Amory, Attorney for Appellant.
George E. Read, Jackson, J. Keith Pearson, Gulfport, Attorneys for Appellees.
BEFORE McMILLIN, C.J., LEE, AND PAYNE, JJ.
LEE, J., for the Court:
¶ 1. This case comes before this Court on appeal from an order of the Mississippi Workers' Compensation Commission and the Circuit Court of Lee County, both of which affirmed the decision of the administrative law judge. The issues asserted on appeal are that the administrative law judge erred because: (1) a particular medical record affidavit was not admitted into evidence, and (2) there was substantial evidence to support that the claimant suffered a greater loss of industrial use, and the findings were contrary to the overwhelming weight of the evidence and to the purpose and intent of the Mississippi Workers' Compensation Act. After a review of the record, we find no reversible error and affirm.

FACTS AND RELEVANT PROCEDURE
¶ 2. Laura Posey was injured on January 9, 1995, while working for United Methodist Senior Services when a pan of hot water fell on her, burning her left shoulder, arm, and chest area. Posey was forty-three years old at the time and was earning $165 per week. About two hours after the injury, her employer's administrator took her to see a physician who, in turn referred her to Dr. David Gilliland, a board certified general and vascular surgeon. Dr. Gilliland began treating Posey *978 one week after the injury and determined that she suffered second degree burns on five percent of her total body area. On May 11, 1995, Dr. Gilliland released her to work and prescribed range of motion exercises. On May 25, 1995, he said she was completely healed and told her to continue the exercises for shoulder stiffness. In July Dr. Gilliland prescribed physical therapy because Posey was not performing the exercises on her own; however, she did not continue with the therapy as prescribed because the exercises were painful. Dr. Gilliland admitted that the therapy would be painful for a burn patient but that it would be necessary in order for Posey to regain the range of motion lost by scarring. Posey received temporary total disability benefits from the date of the injury to the date Dr. Gilliland said she was completely healed. The employer and carrier were ordered to pay reasonable and necessary medical expenses as well as physical therapy ordered by Dr. Gilliland.
¶ 3. Posey resumed her position as a dietary shift supervisor when she returned to work in May. She received a pay raise in September, though she testified that she worked in pain. She was fired from her job in February 1996 for using profanity. She then was employed at the Golden Corral Restaurant from August 1996 to November 1996, where she testified that she was fired. Other evidence revealed that Posey performed the job at the Golden Corral well and that she resigned. In March 1997, the administrative judge entered an order for an independent medical examination by Dr. Sharp for an evaluation of Posey's injuries and for a determination regarding the necessity of future treatment. In May 1997, Posey worked at a pizza restaurant for one week but said she quit because she could not hold the pizza pans. She then applied for and began receiving social security disability benefits for mental depression. In January 1999, a hearing was held before the administrative law judge to determine the issue of permanent disability and loss of industrial use. It was at this hearing that the fact of Posey's social security disability benefits was brought out, and the administrative law judge allowed additional time for the parties to obtain information from Dr. Joe Ed Morris, the doctor upon whom Posey relied for her benefits.
¶ 4. On July 6, 1999, the administrative law judge found Posey entitled to permanent partial disability benefits commensurate with the impairment rating of 10% to the upper left extremity because of loss of range motion, in accordance with the opinion of the independent medical examiner, Dr. Sharp. Dr. Sharp placed no restrictions on Posey. He reported that Posey smokes and drinks alcohol ten times per week. In his report Dr. Sharp stated that he did not believe that physical therapy at this point in time would be effective because Posey was so far out from her injury.

Standard of Review
¶ 5. The standard of review utilized by this Court when considering an appeal of a decision of the Workers' Compensation Commission is well settled. The Commission is the trier and finder of facts in a compensation claim. Inman v. Coca-Cola/Dr.Pepper Bottling Co., 678 So.2d 992, 993 (Miss.1996). This Court will reverse only where a Commission order is clearly erroneous, manifestly wrong and contrary to the weight of the credible evidence. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). "This Court will overturn a Commission decision only for an error of law, or an unsupportable finding of fact." Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss. 1991). Reversal is justified only when a commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law. Smith v. Jackson Const. Co., 607 So.2d 1119, 1124 (Miss.1992). Our task is to review the Commission's decision for validity, even though the appeal is technically from the circuit court. Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991). An *979 appellate court is bound even though the evidence would convince that court other-wise if it were instead the ultimate fact finder. Barnes v. Jones Lumber Co., 637 So.2d 867, 869 (Miss.1994).
¶ 6. Consequently, this Court's role as an appellate court is limited. Since Posey is not alleging that the Full Commission order contains an error of law, in reviewing the factual findings from which Posey is appealing, this Court will reverse only if it determines that those findings were manifestly wrong and clearly erroneous and contrary to the overwhelming weight of the evidence. Nettles v. Gulf City Fisheries, Inc., 629 So.2d 554, 557 (Miss.1993).

ISSUES AND DISCUSSION

I. WAS THE ADMINISTRATIVE JUDGE IN ERROR IN FAILING TO ADMIT INTO EVIDENCE THE MEDICAL RECORD AFFIDAVIT OF DR. JOE ED MORRIS?
¶ 7. The first hearing in this case was on June 5, 1996. At that time the administrative judge found that Posey suffered an admittedly compensable injury which rendered her temporarily and totally disabled. However, the issue of permanent disability was left open, to be determined after Posey completed the physical therapy which had been prescribed. In 1997 Posey was approved for social security disability benefits and a second hearing was held on January 7, 1999, to resolve the issue of permanent disability and loss of industrial use. At this hearing the administrative judge held the case open in order to allow the parties additional time to obtain information from the doctor who evaluated Posey for the social security benefits. It is not contested that the only reason the record was left open was to obtain the medical documentation which provided the basis for Posey's award of social security disability benefits in 1997. Said documentation was to be made a part of the record so that it could be considered by the administrative judge in resolving the issues before her.
¶ 8. Posey did not produce these records, but instead, submitted an affidavit from Dr. Joe Ed Morris, a psychologist. Posey was not certain who the doctor was who evaluated her for her social security benefits, and the record is void of any evidence showing that Posey even saw Dr. Morris prior to the second hearing. The information in Dr. Morris's affidavit was based on an evaluation of Posey made in March 1999, two months after the second hearing and four years after Posey's injury. It was in this evaluation that a claim surfaced for the first time that the burn injury resulted in psychological injury. Morris's affidavit made no reference to any evaluation of Posey he made prior to the second hearing which could have served as a basis for an award of social security disability benefits in 1997. The record was left open for this very limited purpose, which would have been exceeded by the introduction of Morris's affidavit.
¶ 9. It is an established rule of law in Mississippi that the fact-finder has great discretion in determining whether to admit expert testimony and other evidence. Bland v. Hill, 735 So.2d 414 (¶ 19) (Miss.1999). We find that the administrative judge was correct in striking Dr. Morris's medical records affidavit because the information contained in the medical records was not relevant "in time nor issue to the claim."

II. WAS THERE SUBSTANTIAL EVIDENCE TO SUPPORT A FINING THAT THE CLAIMANT SUFFERED A GREATER LOSS OF INDUSTRIAL USE SO THAT THE FINDINGS WERE NOT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 10. The administrative law judge found that Posey was entitled to permanent partial disability benefits commensurate with an impairment rating of ten percent, in accordance with the opinion of the independent medical examiner, Dr. Sharp. Posey argues that she suffered a greater *980 loss of industrial use than that which was awarded to her and that she should therefore have been awarded an amount commensurate with that loss. She cites Piggly Wiggly v. Houston, 464 So.2d 510 (Miss. 1985), in support of her argument. That case states that evidence is viewed as a whole and is not strictly limited to the percentage of physical or medical disability in reviewing a workers' compensation claim to determine loss of wage earning capacity. Id. at 512. Piggly Wiggly recognizes the distinction made between functional disability and industrial disability, that is, that a partial loss of functional use may result in total disability. Id. at 513. Such a result may be reached even though an employee is not wholly incapacitated to perform any duty incident to his usual employment if the injury prevents the employee from doing the substantial acts in his or her usual occupation. Dunn, Mississippi Workers' Compensation, § 86, p. 102-03 (3d ed.1982). The Mississippi Supreme Court in Piggly Wiggly upheld the Commission's decision that the claimant suffered 100 percent industrial disability even though her doctor testified that she had suffered only a twenty percent physical disability.
¶ 11. In order to prove a loss of industrial use, Posey has the burden of proving that her job-related injury caused her to suffer a loss of wage earning capacity above and beyond her impairment rating. Robinson v. Packard Elec. Div., Gen. Motors Corp., 523 So.2d 329, 331 (Miss. 1988). As the administrative judge emphasized in her order, strong evidence indicated that Posey was capable of performing the usual duties of her customary employment. Following Posey's injury in January 1995, she returned to work at United Methodist Senior Services the following May and was given a pay raise in September. Posey testified that she received no complaints regarding her job performance. She had worked there for about nine months after the injury when she was fired for using profanity in February 1996. In addition, during the summer of 1996, Posey went to work for the Golden Corral Restaurant where she worked for more than three months. Posey testified that she was fired from that job. However, according to Posey's supervisor, Posey's job performance was satisfactory, and she wanted Posey to stay on but Posey resigned.
¶ 12. The administrative judge also relied upon the testimony of David Stewart, a vocational rehabilitation expert, who took Posey's physical condition into account and testified that Posey suffered no loss of wage earning capacity. Stewart identified nine employers for whom Posey was qualified to work. He testified that these employers were paying higher wages than Posey was making with United Methodist Senior Services. Despite the fact that Stewart provided this list of potential job opportunities to Posey through her counsel in his vocational rehabilitation report of Posey, the record does not indicate that Posey applied for a job with any of these potential employers. Under Mississippi law, in order to establish a disability, the injured worker bears the burden of showing that he has sought and has been unable to obtain work in similar or other jobs. Barnes v. Jones Lumber Co., 637 So.2d 867, 869-70 (Miss.1994).
¶ 13. The medical testimony also provided substantial evidence supporting the decisions of the administrative judge and the Commission. Dr. Gilliland testified that Posey would not have suffered any permanent impairment had she properly followed through with her physical therapy. An injured employee has an affirmative duty to reasonably cooperate with medical treatment. Miss.Code Ann. § 71-3-15(1) (Rev.1999). Posey's failure to fully participate in her physical therapy calls into question whether she fulfilled her obligations under the statute. Dr. Sharp, the independent medical examiner, testified that Posey sustained a ten percent impairment rating to upper left extremity. This provided the basis for the award of permanent *981 disability benefits. Nothing in Dr. Sharp's opinion indicated that Posey's injury had produced any physical work restrictions sufficient to support a finding that she had an industrial loss of use in excess of her permanent impairment rating. Dr. Sharp concurred with Dr. Gilliland that Posey's failure to follow through with her physical therapy may well have been the reason for her loss of range motion.
¶ 14. The only evidence presented by Posey to support her claim of extensive disability was her own testimony. Decisions of the Workers' Compensation Commission on issues of fact will not be overturned if they are supported by substantial evidence. Miller Transporters, Inc. v. Guthrie, 554 So.2d 917, 918 (Miss.1989). The record shows several inconsistencies in Posey's testimony which call her credibility into question. Posey testified that she was fired from the Golden Corral whereas other testimony indicated that she performed her job well and that she resigned. She was also less than forthright regarding the number of disciplinary warnings she had signed and acknowledged while employed at United Methodist Senior Services. In addition, she testified that her social security disability benefits were awarded for her arm injury. She later admitted that social security sent her to a Regional III Mental Health Facility. The Commission is the trier and finder of facts in a compensation claim. Inman v. Coca-Cola/Dr.Pepper Bottling Co., 678 So.2d 992, 993 (Miss. 1996).
¶ 15. We find that there is substantial evidence to support the Commission's decision finding that Posey was entitled to permanent partial disability benefits commensurate with an impairment rating of 10 percent. This Court will overturn a Commission's decision only for an error of law, or an unsupportable finding of fact. Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991). The Commission's decision may not be overturned unless it is clearly erroneous, manifestly wrong and contrary to the overwhelming weight of the evidence. Miller Transporters, Inc., 554 So.2d at 918. Because this is clearly not the case, we find no reversible error and affirm.
¶ 16. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.