CHANDLER, J.,
DISSENTING:
¶ 29. I respectfully dissent. The findings of the administrative law judge and the Workers’ Compensation Commission establish the claimant as a credible witness. If the undisputed testimony of the claimant is true, the medical opinions based upon that testimony prove the claimant suffers from a work-related injury. I would affirm the circuit court’s holding.
¶ 30. A careful analysis of the complete record in this case reveals some discrepancies in the medical records pertaining primarily to the claimant’s medical history which were recorded by various medical providers during the course of treatment. The claimant explains each and every discrepancy in his medical records in a reasonable and logical manner.
¶ 31. The claimant’s testimony reveals the following facts. He was involved in an automobile accident on November 7, 1997, while on a business trip in New Jersey. He noticed some tenderness in his back later that evening while flying home to Mississippi. The following week he noted additional discomfort in his back which increased in intensity. This discomfort evolved into what the claimant describes as occasional “spikes of pain” over the course of the following weeks lasting through the Thanksgiving and Christmas holidays. The severity of his pain increased in early January 1998. Despite this pain, the claimant continued to work at his new job because of his desire to make a good impression on his supervisors.
¶ 32. A few days following the automobile accident, the claimant also experienced erectile dysfunction and an urological abnormality. There was no incident during the time in question other than the automobile accident which caused any type of trauma to the claimant.
¶ 33. The claimant went to the emergency room on January 14,1998, complaining of unbearable back pain. This trip to the hospital was the first of many trips to various medical providers resulting in a final diagnosis of a back injury requiring numerous surgeries, continuous medical treatment and leaving the claimant permanently disabled.
¶34. Under this set of facts, as explained by the claimant, every expert medical provider who treated the claimant agreed that the injury was likely caused, exacerbated or aggravated by the car acci *438 dent. The only medical expert who discounted the automobile accident as causally connected to the claimant’s injury is a physician who reviewed the claimant’s medical file but did not examine the claimant or discuss the claimant’s medical history with him. His opinion did not take into account the claimant’s explanation of his medical history. The claimant’s treating physician, his orthopedic surgeon, his neurosurgeon, and his urologist connected the accident to the injury based on the facts as explained by the claimant.
¶ 35. The administrative law judge found the claimant to be a credible witness. The Commission in its findings stated the claimant is a “sincere, honest and forthright individual,” and described the claimant as an “honorable man with a good work ethic.”
¶ 36. The claimant’s testimony in this case is crucial given the fact finder’s evaluation of his integrity. In addition to this evidence there are a substantial number of other lay witnesses who corroborate his testimony and offer further insight into the character of the claimant. One such witness who lived nearby and had known the claimant for many years described the claimant as an active individual who was always participating in community projects, such as fund raisers for the local school band, the local fire department, and the county Republican party. The witness testified that the claimant stopped participating in all such activities immediately after the automobile accident. He further testified that he would admonish the claimant to seek medical treatment, only to be told by the claimant that he did not want to do anything to jeopardize his employment.
¶ 37. When resolving questions pertaining to whether an injury is work related, “[djoubtful cases should be resolved in favor of compensation, so as to fulfill the beneficial purposes of the statute.” Sharpe v. Choctaw Electronics Enterprises, 767 So.2d 1002, 1006 (¶ 19) (Miss.2000) (quoting Miller Transps., Inc. v. Guthrie, 554 So.2d 917, 918 (Miss.1989)). I believe the claimant has sufficiently met his burden of proving that he suffers from a work-related injury and is entitled to compensation benefits.
BRIDGES, J., JOINS THIS SEPARATE WRITTEN OPINION.