877 So.2d 556 (2004)
SHERWIN WILLIAMS and Pacific Employers Insurance Company, Appellants,
v.
Michael BROWN, Appellee.
No. 2004-WC-00388-COA.
Court of Appeals of Mississippi.
July 13, 2004.
*557 Amy Lee Topik, Jackson, attorney for appellants.
Leon Miller, Jack Benton Brenemen, attorneys for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Sherwin Williams and Pacific Employers Insurance Company appeal from a circuit court's review and affirmance of a Workers' Compensation Commission decision to order benefits for a total, permanent disability. We find no error and affirm.
¶ 2. Michael Brown worked as a carpet layer for Sherwin Williams. On September 23, 1999, as he was carrying a roll of carpet up a staircase and stretching it in, he felt sharp pain in his right hip. He reported the injury to his supervisor. Brown continued to work for approximately two weeks until his pain grew more intense and required him to seek treatment at the University of Mississippi Medical Center (UMC) on October 7, 1999. He continues to be treated there.
¶ 3. Over the course of his treatment at UMC, he was treated with epidurals and facet blocks which did not offer much relief. He was treated by at least four physicians, including Dr. Robert McGuire. Dr. McGuire performed an evaluation. He noted that Brown had no previous problems with his back during his employment with Sherwin Williams. After his range of treatment, Dr. McGuire stated that Brown should not return to his job as a carpet installer, gave him a ten percent disability to the body as a whole, and referred him to Dr. Michael Winklemann.
¶ 4. Dr. Winklemann instituted a vigorous physical therapy program. He concluded that Brown had a ten percent permanent partial rating. Brown was discharged with the following restrictions: (1) knee-to-waist lift fifty pounds on occasional basis; (2) waist-to-crown lift forty pounds on occasional basis; (3) ability to carry sixty pounds in both hands on occasional basis; (4) bending restricted to occasional; and (5) squatting restricted to rarely. Brown was advised not to return to work as a carpet layer.
¶ 5. David Greene, a vocational rehabilitation specialist, interviewed Brown. After a review of Brown's work history, *558 education, and medical records, Greene concluded that Brown was restricted to light or less than full medium duty work. He advised against Brown returning to work as a carpet installer. He considered that eighteen years of carpet laying was the relevant past work history. When that history was combined with minimal education, restrictions, and limited transferability of skills, employment in the relevant area would be difficult.

DISCUSSION
¶ 6. The Commission affirmed the findings of an administrative judge that Brown is permanently and totally industrially disabled. Decisions of the Workers' Compensation Commission will be affirmed unless they are clearly erroneous and contrary to the overwhelming weight of the evidence. Barnes v. Jones Lumber Co., 637 So.2d 867, 869 (Miss.1994).
¶ 7. The degree and permanence of Brown's industrial disability is a question of fact to be proven by the evidence and facts as a whole. Miss.Code Ann. § 71-3-17(a) (Rev.2000). Disability is determined by actual physical injury and loss of wage earning capacity. Spann v. Wal-Mart Stores, Inc., 700 So.2d 308, 312 (Miss.1997).
¶ 8. In determining whether there has been a loss of wage earning capacity, the Commission is to evaluate training, education, ability to work, failure to be hired elsewhere, pain, and other medical circumstances. DeLaughter v. South Cent. Tractor Parts, 642 So.2d 375, 379 (Miss.1994). We have evaluations from Brown's treating physicians, a therapist who performed the functional capacities evaluation, and a vocational rehabilitation specialist. The testimony from both treating physicians is substantially similar in that they agree that Brown can no longer install carpet and has a permanent, partial medical impairment rating of ten percent to the body as a whole.
¶ 9. Brown is a forty-five year old man with a tenth grade education. He has worked for the past eighteen years with Sherwin Williams in one job, which his physicians agree is now beyond his safe physical limitations. Brown states that he has pain from this injury. One of his physicians testified that he will probably have to take medication to control the pain for the rest of his life. Brown has not been able to perform any type of work since the injury. He stated that he cannot stand or sit for long periods of time and that he has bladder problems which require him to use the restroom frequently, sometimes two to three times in less than a one-hour period.
¶ 10. The collection of evidence indicates that Brown is quite limited in the jobs that he will be able to perform in the future. The vocational rehabilitation specialist stated that Brown would be limited to a light duty position in light of the restrictions. He had been performing heavy level work as a carpet installer. The transferability of his skills is questionable due to his educational level and experience. The vocational specialist concluded that Brown faces limited employment options after he performed an employment survey of available positions.
¶ 11. The reasonableness of a workers' compensation claimant's efforts to gain employment includes consideration of job availability and economics in the community, the claimant's skills and background, and the nature of the disability. Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 828 (Miss.1991). Brown presented evidence of his employment search. He provided a job search list where he made inquiries at fourteen different locations including retail stores, grocery stores, fast food chains, and gas stations. He also testified in his deposition of other locations *559 where he made inquiries. He stated that he completed applications after which he was asked why he no longer installed carpet. After he told potential employers of his disability and list of restrictions, he was told that they could not use him or that they were not hiring.
¶ 12. Since Brown made a prima facie case of a good faith search for employment, the burden shifted to Sherwin Williams to show that his efforts were not reasonable or were deceitful. Id. We find no error in the Commission concluding that Sherwin Williams did not meet this burden.
¶ 13. The evidence supports that Brown was entitled to permanent, total disability. We affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BRIDGES, P.J., NOT PARTICIPATING.