ON WRIT OF CERTIORARI

DICKINSON, Justice,
for the Court:
¶ 1. The Mississippi Workers’ Compensation Commission denied an employee’s claim. The Circuit Court of Copiah County, sitting as an appellate tribunal, affirmed. The Court of Appeals reversed. We granted certiorari and now reverse the Court of Appeals and reinstate the Commission’s decision.
FACTS AND PROCEDURAL HISTORY
¶ 2. For approximately twenty-eight years, Wade Short worked at Wilson’s Meat House,[1] a slaughterhouse and retailer of meat, meat products (such as sausage), and other foods.[2] In addition to his regular duties in the meat-processing area, Short regularly filled in for vacationing coworkers on the “kill floor,” where the slaughtering was done and where the wages were higher.
¶ 3. On December 1, 2005, Jack Wilson, Jr. (whose family owned Wilson’s) received, for Christmas, a large wooden desk which had been built by Mike Welch, who was Short’s supervisor. Several employees, including Welch and Willie Keyes, unloaded the desk,[3] which weighed 150 to 200 pounds, from a truck. Short claims that as he was helping carry the desk, he heard a popping sound in his neck. He claims he told Welch, who called him a wimp and told him to carry the drawers. The workers removed the drawers and turned the desk on its side to move it through a door.
¶ 4. When Short got home, he told his wife that he was in great pain. They decided that he should go to the hospital. Short’s statements on the timing of the events that followed were inconsistent,[4] but according to hospital records, he went to the emergency room on December 12, 2005. X-rays showed several problems, including two herniated discs. Short was given a prescription for pain medication and — because he had missed a day of work to go to the hospital — a doctor’s excuse. *1249 The excuse allowed him to return to work the following day, but limited him to lifting no more than five pounds.
¶ 5. The next day, Short resumed his usual duties at Wilson’s, despite the lifting limitation. He said he gave the work excuse to Tammy Wilson Stowe,[5] who handled employee-related clerical matters for Wilson’s. Stowe testified she saw the document from the doctor, but did not notice the restriction.
¶ 6. Short made several contradictory statements concerning the onset of his pain. During a January 9, 2006, followup visit to his doctor, Short stated that he had been experiencing neck pain radiating into his left leg and arm for three months (meaning since early October, 2005). During a January 11, 2006, physical therapy session, Short said that his pain began on December 16, 2005, when he helped lift a desk at work. On February 20, 2006, Short claimed to medical personnel that he had been having left arm pain for two and a half years, and that he had new pain between his shoulder blades that radiated into his left side.
¶ 7. Short returned to the doctor several times during the spring and summer of 2006. On July 81, 2006, during a presur-gery doctor visit, he said that numbness in both hands — which he claimed had begun in December 2005 because of heavy lifting — was causing him to drop things. On August 9, 2006, a neurosurgeon fused several of Short’s vertebrae.
¶ 8. On August 29, 2006, Short filed a Petition to Controvert with the Mississippi Workers’ Compensation Commission, alleging that Wilson’s had failed “to notify insurance [carrier] of claim and pay benefits required by Act.” He also filed a motion requesting “emergency relief,” stating that he was in straits following surgery, unable to buy food and other necessities.[6] For reasons unexplained in the record, a hearing on the motion that was scheduled for November 27, 2006, was canceled and rescheduled for December 1,2006.
¶ 9. Another notice found in the record scheduled a hearing “on the merits” for January 12, 2007. Although the record contains a transcript of a hearing held on that date, nothing in the record indicates that more than one hearing was held.
¶ 10. At the hearing, witnesses provided conflicting accounts of whether Short helped carry the main part of the desk, or just the drawers. Ultimately, all the witnesses except Short stated that they could not remember. All except Short agreed that he had carried the drawers at some point. Short, however, said he and another employee had carried the desk itself.
¶ 11. Short testified that — although he had experienced back problems before the desk-moving incident — the pain had never been severe enough to prevent him from working. He said that he had managed it with pain pills. According to Short, even though he told his supervisor and coworkers he was in pain, he was not given light duty. Other witnesses testified that Short never had said his pain was bad enough to restrict his work; that he did not seem to be impaired; and that he regularly had requested work on the kill floor which, while physically difficult, paid more than other work in the plant. At the time of Short’s alleged injury, his pay averaged $460.02 a week.
¶ 12. Several witnesses, including Short, testified about Short’s activities away from Wilson’s. Short testified that his wife had an arrangement with the own *1250 er of a self-storage warehouse to clean out units when renters vacated and left things behind. She kept the items — which ranged from large appliances such as refrigerators to small goods such as shirts— and sold them. Witnesses said that Short sometimes brought small items to Wilson’s to sell to coworkers, but no one could recall seeing him bring large ones. Short testified that he had never cleaned out storage units on a regular basis. It was his wife’s enterprise, and he had merely helped sometimes. He said that he had never injured his back doing so. Welch and Keyes, however, testified that Short and his wife were both actively involved in cleaning out storage units.
¶ 13. Witnesses, including Short, testified about an incident in the spring of 2006 wherein, as Short was unloading a horse from a trailer, something startled the horse, and it bolted. By Short’s account, he wrapped the horse’s lead rope around a basketball goal post to restrain it. Other witnesses described Short being dragged around for several minutes before he got the animal under control.
¶ 14. The administrative law judge issued an Opinion and Order on April 20, 2007, denying Short’s claim. Short had been injured, the judge wrote, but he had not offered proof that his injury was work-related. Notably, Short failed to introduce evidence from a physician on the causation issue. Attempting to correct that deficiency, Short filed a Motion to Supplement the Record before the Commission. Without explanation, the Commission denied the motion and affirmed the ALJ’s ruling.
¶ 15. Short appealed to the Circuit Court of Copiah County, which affirmed. The Court of Appeals reversed, finding substantial evidence in the record to support Short’s claim, especially in light of the caselaw that states that doubtful cases should be decided in favor of compensation. Wilson’s petitioned for a writ of certiorari, which we granted.
ANALYSIS
I.
¶ 16. The scope and standards of review for workers’ compensation cases are well-established. First, this Court reviews the decision of the Commission, not that of the ALJ, the circuit court, or the Court of Appeals. Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991) (quoting Vardaman S. Dunn, Mississippi Workmen’s Compensation § 286 n. 39 (1982) (“[W]hile appeals to the Supreme Court are technically from the decision of the Circuit Court, the decision of the commission is that which is actually under review for all practical purposes.”)).
¶ 17. Second, four disjunctive rules govern our review of an agency’s conclusions. They must “remain undisturbed unless the agency’s order; (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one’s constitutional [or statutory] rights.” Public Employees’ Ret. Sys. v. Dearman, 846 So.2d 1014, 1018 (Miss.2003) (quoting Miss. State Dep’t of Health v. Natchez Cmty. Hosp., 743 So.2d 973, 976 (Miss.1999)) (brackets in original).
¶ 18. This Court has explained the first of these rules, the “substantial evidence standard,” as follows:
[Rjeview is limited to a determination of whether or not the decision of the commission is supported by substantial evidence. If so, the decision of the commission should be upheld.... The Supreme Court ... acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts.
*1251 Speck, 586 So.2d at 772-73 (citing Georgia-Pacific Corp. v. Veal, 484 So.2d 1025 (Miss.1986); Bruton v. Miss. Workmens’ Comp. Comm’n, 253 Miss. 694, 178 So.2d 673 (1965); Dunn at § 272).
¶ 19. Though “not easily defined,” id. at 773,
[substantial evidence ... means something more than a “mere scintilla” of evidence, and that it does not rise to the level of “a preponderance of the evidence.” It may be said that it “means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred.”
Id. (citing United States v. Harper, 450 F.2d 1032 (5th Cir.1971) quoting Johnson v. Ferguson, 435 So.2d 1191 (Miss.1983)); Babcock & Wilcox Co. v. McClain, 149 So.2d 523 (Miss.1963); State Oil & Gas Bd. v. Miss. Mineral & Royalty Owners Ass’n, 258 So.2d 767 (Miss.1971).
¶ 20. The second rule states that a reviewing court may reverse if the Commission’s order was “arbitrary or capricious.” Dearman, 846 So.2d at 1018. To some extent, this test overlaps the substantial-evidence standard. This Court explained, “ ‘If an administrative agency’s decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious.’” Dearman, 846 So.2d at 1019 (quoting Fulce v. Pub. Employees’ Ret. Sys., 759 So.2d 401, 404 (Miss.2000)).
¶ 21. The third rule, that the scope of judicial review includes determining whether the Commission exceeded its authority, involves questions of law. Questions of law are proper for judicial review. Miss.Code Ann. § 71-3-51 (Rev.2000); Central Elec. Power Ass’n v. Hicks, 236 Miss. 378, 388, 110 So.2d 351, 356 (1959) (citing 42 Am.Jur. Public Admin. Law § 210 (“Whether an administrative agency applies the legislative standards is an appropriate question for judicial decision. Moreover, the analytical basis of a distinction between reviewable questions of law and non-reviewable questions of fact is often narrow.”))
¶ 22. The fourth rule concerns constitutional and statutory rights. This Court has regularly reiterated that it can review alleged violations of rights under both the state and federal constitutions. See, e.g., Warren v. Miss. Workers’ Comp. Comm’n, 700 So.2d 608 (Miss.1997) (allegation of violation of due-process rights); Georgia-Pacific Corp. v. McLaurin, 370 So.2d 1359 (Miss.1979) (same); Pathfinder Coach Div. of Superior Coach Corp. v. Cottrell, 216 Miss. 358, 62 So.2d 383 (1953) (no constitutional-rights violation when bigamous wife was allowed death benefits).
¶ 23. While courts always review questions of law de novo, Smith v. Jackson Constr. Co., 607 So.2d 1119, 1125 (Miss.1992), otherwise the standards of review in workers’ compensation eases are highly deferential to the Commission. No court can reweigh the evidence; the Commission is the fact-finder and the judge of the credibility of witnesses. Barber Seafood, Inc. v. Smith, 911 So.2d 454, 461 (Miss.2005) (citing Jackson Constr. Co., 607 So.2d at 1123-24; Miller Transporters, Inc. v. Guthrie, 554 So.2d 917, 918 (Miss.1989)). In sum, “[Njeither [the circuit court] nor the Mississippi Supreme Court is empowered to determiné where the preponderance of the evidence lies when the evidence is conflicting.... Instead, [a court] must affirm the decision of the Commission where substantial credible evidence supports the Commission’s order.” Id. (citing Jackson Constr. Co., 607 So.2d at 1124).
¶ 24. Finally, deference means that unless a reviewing court finds that the *1252 Commission’s decision was not based on substantial evidence; was arbitrary or capricious; exceeded the Commission’s power; or violated a constitutional or statutory right, it cannot set aside a Commission order even if it would rule differently if it were the trier of facts. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991) (“That we may have found the fact otherwise, had we been the triers of the fact, is similarly of no moment, so long as the record contains credible evidence which, if believed, would take the Commission’s decision out of the realm of the arbitrary.”)
II.
A. Whether the Commission’s decision was supported by substantial evidence.
¶25. Short first argues that the Commission’s finding — that he failed to establish that he was injured on the job while helping carry the desk[7] — was not supported by substantial evidence. We begin by looking at the evidence that tends to support the Commission’s decision.
¶ 26. On January 9, 2006, about a month after the incident, Short told medical personnel that he had been having pain for three months. On July 3, 2006, Short stated that the pain had begun more than a year earlier, which would have been at least five months before the incident. Short’s supervisor, Welch, testified that he (Welch) and Keyes had carried the desk, and that Short had carried only the drawers. Welch did not remember Short saying that he had been hurt. Keyes also testified that he and Welch had carried the desk, and that Short had carried only the drawers. Raglan testified that Short had carried only the drawers and not the desk itself. Jones testified that Welch and Keyes carried the desk, and that Short had carried only the drawers. Wilson’s work records showed that Short continued to work from the second week of December 2005 through the second week of August 2006,[8] and that he took off about two weeks in March 2006 and one week in April of that year.
¶ 27. Other relevant evidence in the record includes the following:
1. Welch testified that he had known Short for thirty-two years and that “you believe half of what he tells you.”[9]
2. Short continued to perform his usual work duties upon returning to work after the incident.
3. The number of animals Short slaughtered between December 2005 and August 2006 increased.
4. Keyes worked with Short during the period between the incident and Short’s surgery. He testified that he never saw any indication that Short had trouble doing his work.
*1253 5. Jones, the state meat inspector, regularly observed Short working on the kill floor. He testified that he never saw any indication that Short had trouble doing the job.
6. Raglan testified that, from time to time over a period of several years, Short had complained of pain and numbness in his right shoulder.
7. Stowe testified that Short never notified her that he had been hurt on the job.
8. Hospital records state that on February 20, 2006, about two and a half months after the incident, Short told medical personnel that he had been having left arm pain for two and a half years.
¶ 28. Although the evidence listed above — all of which tends to support the Commission’s decision — is substantial, we are mindful that context matters,[10] and that “we must look at all the evidence on both sides.” Harpole Bros. Constr. Co. v. Parker, 253 So.2d 820, 823 (Miss.1971). However, we find very little evidence in the record supporting Short’s claim. He testified that, as he helped move the desk, he heard a popping sound in his neck. Short was the only witness who testified that his injury had occurred on the job. Of course, this did not preclude the Commission from finding in his favor. See, e.g., Alexander Smith, Inc. v. Genette, 232 Miss. 166, 170-77, 98 So.2d 455, 456-60 (1957) (Claimant was alone when he fell and was injured, so no other witness could have corroborated his testimony, but the Commission accepted it as true.). When, however, such uncorroborated testimony is contradicted by other witnesses, or when evidence before the Commission casts doubt on the credibility of the testimony (as when the claimant has made conflicting statements), it is certainly within the discretion of the Commission to reject it. Barnes v. Buckeye Molding Co., 247 Miss. 614, 615-16, 157 So.2d 63, 63 (1963) (Coworkers testified that claimant had told them she had hurt her back at home, so Commission was not bound to base its decision on claimant’s uncorroborated testimony.).
¶ 29. In this case, the evidence before the Commission was conflicting. Short made inconsistent statements about when he first had back pain. His supervisor, based on an acquaintance of thirty-two years, cast doubt on Short’s truthfulness.
¶ 30. The ALJ stated that, while it was clear that Short had been injured, the issue was whether he was injured at work. Ultimately, the ALJ found that, against the backdrop of the evidence detailed supra, the absence of evidence from a physician regarding a causal connection between Short’s job and his injury was dispositive. We cannot say the Commission erred in this finding. In Cole v. Superior Coach Corporation, another back-injury case, this Court stated that “[t]he issues with reference to an alleged injury of this type are properly within the province of medical experts. In all but the simple and routine cases, it is necessary to establish medical causation by expert testimony.” Cole v. Superior Coach Corp., 234 Miss. 287, 291, 106 So.2d 71, 72 (1958). This Court has also held:
We recognize the rule that the workmen’s compensation law should be broadly and liberally construed, that doubtful cases should be resolved in fa *1254 vor of compensation, and that the humane purposes the act seeks to serve leave no room for narrow and technical construction. But the rule of liberal construction may not be extended so as to eliminate the necessity of making proof prerequisite to recovery; and the humane spirit of the law does not warrant its extention [sic ] beyond its legitimate scope.
Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 882, 74 So.2d 868, 865 (1954).
¶ 31. The quantum of evidence supporting the Commission was considerable. That, coupled with the absence of evidence on the critical issue of causation, doomed Short’s case, as his uncorroborated testimony was contradicted by other evidence. Therefore, we cannot say that the Commission’s decision — which was supported by substantial evidence — was arbitrary or capricious.
B. Whether the Commission erred in denying Short’s Motion to Supplement the Record.
¶ 32. After the ALJ issued his Opinion and Order, Short filed a Motion to Supplement the Record. He sought to put before the Commission a letter from his surgeon which he said would establish a causal connection between his injury and the incident at work. The Commission denied Short’s motion.
¶ 33. Short is correct that the Commission had the power to grant his motion. This Court has held that “the Commission has the authority to receive live testimony and other evidence to supplement the record made before the AJ [administrative law judge].” Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1246 (Miss.1991) (citing MWCC Pr. Rule 9; Dunn at § 369). Also, “Amendments are of course liberally allowed so that the truth may be ascertained.” Crump v. Fields, 251 Miss. 864, 871, 171 So.2d 857, 859 (1965).
¶ 34. The Procedural Rules of the Commission, however, set certain requirements for such a motion:
Where additional evidence is offered on the review before the Full Commission, it shall be admitted in the discretion of the Commission. A motion for the introduction of additional evidence must be made in writing at least five (5) days prior to the date of the hearing of the review by the Full Commission. Such shall state with particularity the nature of such evidence, the necessity therefor, and the reason it was not introduced at the evidentiary hearing.
Mississippi Workers’ Compensation Commission Procedural Rule 9, http://www. mwcc.state.ms.us/law-clms/_rules. asp# prodrule9 (last visited June 14, 2010).
¶ 35. Nothing in the three sentences that comprise the substance of Short’s motion suggests the reason he did not introduce the evidence at, or prior to, the hearing.[11] It is understandable that the Commission viewed Short’s motion as deficient, especially in light of the rule’s particularity requirement. We cannot say that the Commission abused its discretion by requiring conformity with its rules and by denying Short’s motion.[12]
*1255 ¶ 36. Short argues that, under the Commission’s Procedural Rule 8, eviden-tiary standards are relaxed. On this point, he is correct: “In compensation hearings the general rules of evidence shall be relaxed so as to permit the introduction of any relevant and competent evidence.” Mississippi Workers’ Compensation Commission Procedural Rule 8, http://www. mwcc.state.ms.us/law-clms/_xules. asp# prodrule8 (last visited June 15, 2010). This rule has been construed to apply to the Mississippi Rules of Evidence. For example, this Court has said that the statute “grant[s] authority to the Workmen’s Compensation Commission to relax, in its discretion, the traditional common law and statutory rules of evidence in order to obtain a full development of the facts concerning each claim.” Cooper’s, Inc. of Miss. v. Long, 224 So.2d 866, 870 (Miss.1969) (emphasis added). Again, we find no abuse of discretion; the Commission is entitled to require adherence to its procedural rules.
CONCLUSION
¶ 37. Substantial credible evidence supported the Commission’s decision. Furthermore, we cannot say the Commission abused its discretion in denying Short’s Motion to Supplement the Record. Accordingly, we reverse the Court of Appeals and reinstate and affirm the decision of the Mississippi Workers’ Compensation Commission.
¶ 38. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE DECISION OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS REINSTATED AND AFFIRMED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR.
GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. KITCHENS, J., NOT PARTICIPATING.

. Although this case is styled "Wade Short v. Wilson Meat House, LLC and Bridgefield Casualty Insurance Company," the name of the employer is actually Wilson's Meat House, LLC.

.Bridgefield Casualty Insurance Company, Wilson’s workers' compensation insurance carrier, is the co-respondent in this action.

. Contrary to the testimony of several employees, Short testified he also was involved in helping move the desk.

. Short, who is illiterate, stated that he was "not good with dates.”

. Stowe is a member of the Wilson family.

. This motion was styled as “Motion to Compel Payment of Temporary Total Disability Benefits and Medical Treatment.” Within the text of the motion is the phrase: "this Motion for Emergency Relief.”

. Neither the AU, the Commission, nor the circuit court considered whether the act of carrying the drawers, as opposed to the body of the desk, would have been enough to cause Short’s injury. No testimony or evidence was adduced as to the weight or size of the drawers.

. The ALJ’s Opinion reads, “from the week ending on December 6, 2005, through the week ending on August 9, 2006.” December 6, 2005, was a Tuesday and August 9, 2006, was a Wednesday, neither of which is conventionally regarded as the end of a week. Stowe testified that the company's pay period is Thursday through Wednesday, which would explain the phrase "the week ending on [Wednesday] August 9, 2006,” though not "the week ending on [Tuesday] December 6, 2005.”

.In the "Summary of Relevant Evidence” section of the ALJ's Opinion, the judge transposed this into "Welch ... had not believed half of what [Short] told him.” (Emphasis added.)

. For instance, a physician's testimony that might, in isolation, "amount to substantial evidence supporting a finding by the commission, when considered with the entire evidence may lose much of its character and not rise to the position of substantial evidence.” Shippers Express v. Chapman, 364 So.2d 1097, 1100 (Miss.1978) (citing Harpole Bros. Constr. Co. v. Parker, 253 So.2d 820, 820 (Miss.1971)).

. Because the Commission's ruling was critical to Short's case, we required additional briefing on the question of why the evidence was not presented earlier. Short's counsel offered no explanation.

. The Commission’s rules require that "[a] proposed order must accompany each non-dispositive motion.” Mississippi Workers’ Compensation Commission Procedural Rule 22(a), http://www.mwcc.state.ms.us/law-clms/_rules.asp# prodrule22 (last visited June 15, 2010). No such order appears in the record.