GRIFFIS, P.J.,
for the Court:
¶ 1. Eddie Jean Ross appeals the Mississippi Workers’ Compensation Commission’s decision that found Ross had failed to prove that she had suffered a compensa-ble injury. We find no error and affirm.
FACTS
¶ 2. On Saturday, 13, 2008, Ross worked at J’s Truck Stop. She was fifty-five years old. That afternoon, between two and four, Ross claimed that she was either bent over or in a frog crouch position in a deli cooler, when Joyce Webb kicked her in the back. Ross testified that just before the incident, Mary Williams,[1] another employee, said “Look at Eddie Jean. She’s got her big ole a* * up in the air.” Then, Williams and Webb walked by Ross. There was no other evidence of the incident.[2]
¶ 3. Ross did not see Webb kick her. Ross felt a hard thump in her back and looked over her shoulder. Ross saw Webb with a load of books and saw her placing her foot back on the ground. Ross testified that Webb was wearing black leather hard-sole shoes. Ross continued to work and testified that she said nothing after the alleged kick because she was in shock.
¶ 4. Webb testified that she never kicked Ross. Webb admitted that she had said, “Ooh, Eddie Jean, that caboose, it looks mighty tempting.” After this comment was made, Webb testified, she shifted books that were in her arms into one arm and patted Ross on the back. She told Ross she was doing a good job. Webb also testified that she had osteoarthritis and rheumatoid arthritis. Webb claimed that she would not have been able to kick Ross with books in her hands. Webb was sixty-four years old at the time of the incident.
¶ 5. Webb also testified that Ross did not work on Thursdays. Instead, she worked for a doctor on Thursdays. Ross testified that she did not work for the doctor the following Thursday after the incident with Webb.
¶ 6. On Friday, September 19, 2008, Ross woke up and could not move her legs or her back. She testified she lay in bed and screamed. Trudy Abies, a long-term employee at the truck stop, testified that she received a call from Ross on Septem *777 ber 19, 2008. Abies testified that Ross said she hurt her back. Abies testified that Ross did not state anything about being kicked. Abies wrote up an absence report.
¶ 7. On September 20, a week after the alleged incident, Ross went to the Carmichael Family Health Center. The doctor prescribed pain medication and antibiotics, told her to come back Monday, and gave her a work excuse to return to work on September 25. Ross saw the doctor again on September 24, 2008.
¶ 8. Ross could not remember when she returned to the truck stop to deliver the work excuses. But Ross never returned to work. After her first doctor visit, Ross testified, she called Webb and asked for help with medical bills. ■ According to Ross, Webb “said she knew that she had kicked me, but she didn’t kick me that hard.” Webb testified that the phone call was the first time Ross said she had been kicked. Webb testified that she told Ross “I didn’t kick you in the back and injure you and you’re crazy.”
¶ 9. Webb gave Ross her normal pay check on September 26, 2008. Ross again asked for help with medical bills. Webb filled out some workers’ compensation forms, but soon after, Webb discovered the coverage was not current. Ross never came back to the truck stop to work or to discuss her employment .status.
¶ 10. Ross also offered work excuses for October 1, 2008, through October 3, 2008. Those excuses were dated October 10, 2008, and were signed by Dr. Carol Harris in Canton, Mississippi.
¶ 11. There were allegations that Ross injured herself while having sexual intercourse with Jimmy Lee Parks. Ross denied this. Webb asked Parks if Ross had injured herself with him. Parks said “Don’t try to mix me up because we hadn’t had a relationship that serious.”
¶ 12. On January 5, 2009, Ross filed a petition to controvert. On October 22, 2010, a hearing was held before Administrative Judge James Best. Webb, Ross, and Abies testified. On January 19, 2011, the administrative judge (“AJ”) found that the evidence demonstrated that Ross had failed to prove by a preponderance of the evidence that she suffered a compensable injury. The AJ found that Ross’s testimony was contradicted by two other witnesses.
¶ 13. Additionally, the AJ found that the medical evidence did not corroborate a traumatic low-back injury on September 13, 2008. Ross waited a week to go to the doctor and complained to the doctor of lower-back pain and “constantly urinating at night.” The reports do not mention a cause of the back pain. The reports, dated September 24, 2008, stated for the first time that the lower-back pain allegedly resulted from being kicked at work. In the first report, under “assessment,” it stated “UTI” (which stands for urinary tract infection). In the next report, under “assessment,” it stated Ross had a UTI, back pain, and a prior history of gastroeso-phageal reflux disease (GERD). She was prescribed antibiotics and pain medication at least twice.
¶ 14. Ross appealed the AJ’s decision to the full Workers’ Compensation (“Commission”). On August 3, 2011, the Commission affirmed the AJ’s decision. Ross appealed the Commission’s decision directly to the Mississippi Supreme Court.[3] The *778 supreme court deflected Ross’s appeal to this Court.
ANALYSIS

1. Whether the Commission’s decision was supported by substantial evidence.

¶ 15. Ross argues that substantial evidence existed to prove that Ross suffered a compensable injury. Thus, Ross claims that the Commission erred when it affirmed the AJ’s order.
¶ 16. We will not disturb the Commission’s decision unless it was “not supported by substantial evidence.” Short v. Wilson Meat House, LLC, 36 So.3d 1247, 1251 (¶ 17) (Miss.2010). Our supreme court has explained the “substantial evidence standard”
Review is limited to a determination of whether or not the decision of the Commission is supported by substantial evidence. ' If so, the decision of the Commission should be upheld. The [appellate court] acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts.
Id. at 1250-51 (¶ 18) (quoting Delta CMI v. Speck, 586 So.2d 768, 772-73 (Miss.1991)). The court has further defined substantial evidence as follows:
Substantial evidence means something more than a “mere scintilla” of evidence, and that it does not rise to the level of a preponderance of the evidence. It may be said that it means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred.
Short, 36 So.3d at 1251 (¶ 19) (quoting Speck, 586 So.2d at 773) (quotation marks omitted).
¶ 17. Our standard of review in workers’ compensation cases is highly deferential to the Commission’s decision. Short, 36 So.3d at 1251 (¶ 23). Because the Commission is the fact-finder and also the judge of witness credibility, we cannot reweigh the evidence. Id. Appellate courts are not “empowered to determine where the preponderance of the evidence lies when the evidence is conflicting.” Id. We review questions of law de novo. Id.
¶ 18. Here, there was a dispute as to whether Webb kicked Ross. Ross said she did, and Webb said she did not. Ross worked the rest of her shift on the date of the alleged incident and worked the next four days without even a mention of the alleged kick.- Ross waited seven days to go to the doctor. When she called the truck stop on September 19, 2008, Ross did not state that she would not be at work because someone at work had kicked her. The medical reports recorded more than just back pain. The Commission found that the medical evidence did not corroborate a lower-back injury on September 13, 2008.
¶ 19. There was evidence to support the Commission’s decision. We are prohibited from an evaluation of evidence or a determination of facts. The evidence here' affords a substantial evidentiary basis from which the fact that Ross did not incur a compensable injury on September 13, 2008, can be reasonably inferred. Therefore, based on our finding that there was substantial evidence to support the Commission’s decision, we must affirm the Commission’s decision.

2. Whether conflicting evidence as to causation of a work related injury must be resolved in favor of Ross.

¶ 20. Ross also argues that where testimony conflicts as to what caused a *779 work injury, doubts should be resolved in favor of the injured claimant. In workers’ compensation cases, the Commission, as trier of fact, evaluates evidence and makes credibility determinations. “[I]t is presumed that the Commission, as trier of fact, has previously determined which evidence is credible and which is not.” Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1225 (Miss.1997) (citation omitted). The Commission here considered the conflicting evidence.
¶ 21. Under our highly deferential standard of review, we do not invade the province of the Commission as fact-finder by reweighing the evidence. See Short, 36 So.3d at 1250 (¶ 23). Therefore, we find that this issue has no merit.
¶ 22. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Williams witnessed the incident, but was no longer an employee at the time of the hearing and did not testily.

. The truck stop had surveillance video of the incident, but every twenty-four hours the tape recorded over itself. No video was offered at the hearing.

. Recently, our supreme court held that it was constitutional for the Legislature to confer appellate jurisdiction on the supreme court over direct appeals from the Commission to this Court. Johnson v. Sysco Food Servs., 86 So.3d 242, 243 (¶¶ 1-2) (Miss.2012); see also Miss.Code Ann. § 71-3-51 (Rev. 2011).